IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM L. PROCTOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-cv-3174 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner William L. Proctor's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docs. 1 and 3), and Amended § 2255 Motion (Doc. 8). Petitioner alleges his conviction under 18 U.S.C. § 924(c) is invalid in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The Court LIFTS the STAY entered on June 22, 2016. A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Hutchings v. United States, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted). Because Petitioner is not entitled to

relief, the § 2255 Motion and Amended § 2255 Motion (Docs. 1, 3, and 8) are DENIED.

## I. **BACKGROUND**

On June 22, 2007, a two-count Information was filed in the District Court for the Central District of Illinois charging Petitioner with aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and carrying and using a firearm in furtherance of a crime of violence (the robbery charged in Count 1), in violation of 18 U.S.C. § 924(c). See United States v. Proctor, United States District Court, Central District of Illinois, Springfield Division Case No. 3:07-cr-30072 (hereinafter, Crim.), Information (d/e 5). On June 27, 2007, Petitioner pled guilty to both counts without a plea agreement and waived an indictment. See Crim., June 27, 2007 Minute Entry.

On October 15, 2007, District Judge Jeanne E. Scott sentenced Petitioner to a term of 141 months' imprisonment, consisting of: 57 months on Count 1 and 84 months on Count 2, to run consecutively, followed by five years of supervised release. Crim., Judgment (d/e 11). Because Petitioner brandished a firearm as charged in Count 2, the consecutive 84-month sentence on the

firearm conviction was mandatory under 18 U.S.C. § 924(c). Petitioner did not appeal his conviction or sentence.

In June 2016, Petitioner filed a letter (Doc. 1) with the Court requesting the appointment of counsel to pursue a possible claim under 28 U.S.C. § 2255 in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2563 (2015). This letter was construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Petitioner also filed another Motion (Doc. 3) in June 2016, on the 28 U.S.C. § 2255 form provided for pro se litigants. The Court appointed the Federal Public Defender. On October 26, 2016, Petitioner, through counsel, filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 8), arguing his conviction under § 924(c) was invalid in light of <u>Johnson</u>. The Government filed its response (Doc. 9) on November 28, 2016. Petitioner filed his reply (Doc. 10) on December 22, 2016.

The Court also notes that, after briefing concluded in this case, Petitioner was released from prison on November 27, 2017. <u>See</u> Crim., Petition for Revocation (d/e 18). However, on October 19, 2018, the Court found that he had violated his terms of supervised release and revoked his supervised release. He was

sentenced to 12 months' imprisonment on the revocation, followed by three years of supervised release. Crim., Revocation Judgment (d/e 25). Petitioner was again released from prison on October 16, 2019, and has begun serving his term of supervised release. This Order follows.

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

As an initial matter, the Court notes that, despite his release from prison, Petitioner's Motion is not necessarily moot. Rather, whether a habeas action is moot due to a prisoner's release from prison depends on whether "he could obtain 'any potential benefit' from a favorable decision." Pope v. Perdue, 889 F.3d 410, 414 (7th Cir. 2018) (citing United States v. Trotter, 270 F.3d 1150, 1152 (7th Cir. 2001) ("Unless we are confident that [the former inmate] cannot  benefit from success on appeal, the case is not moot.")). Here, Petitioner is still serving a term of supervised released.

Therefore, he could still benefit from a favorable decision since a favorable finding "would carry 'great weight' in a § 3583(e) motion to reduce" his term of supervised release. Id.

Nonetheless, the Court finds that the § 2255 Motion must be denied. Petitioner argues that his conviction under § 924(c) for using and carrying a firearm in furtherance of a crime of violence is invalid in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). Specifically, he argues that his underlying offense of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) is not a crime of violence. However, the Court finds that Seventh Circuit case law now forecloses his claims on the merits.

A "crime of violence" under § 924(c) is defined as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)[ ] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "elements clause," and § 924(c)(3)(B) is referred to as the "residual

clause." In Johnson, the Supreme Court held that the similarly worded residual clause of § 924(e) was unconstitutionally vague. 135 S.Ct. at 2563. After Johnson, the validity of the § 924(c)(3)(B) residual clause was uncertain. However, on June 24, 2019, the Supreme Court, in United States v. Davis, 139 S. Ct. 2319 (2019), held that the § 924(c)(3)(B) residual clause is unconstitutionally vague as well.

Unfortunately, the Davis holding is of no avail for Petitioner. After Petitioner filed his Motion, the Seventh Circuit held that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) has as an element the use, attempted use or threatened use of physical force against the person of another and therefore is a crime of violence under the elements clause. United States v. Armour, 840 F.3d 904, 908-09 (7th Cir. 2016); United States v. Williams, 864 F.3d 826 (7th Cir. 2017) cert. denied, 138 S. Ct. 272, 199 L. Ed. 2d 174 (2017); see also United States v. Hendricks, 921 F.3d 320, 328 (2d Cir. 2019) (noting that all Courts of Appeal to have addressed the issue agree that bank robbery by intimidation is a crime of violence under § 924(c)(3)(A)). The Seventh Circuit rejected Petitioner's argument that bank robbery by intimidation is not a

crime of violence: "the intimidation—the threat of violent force—is one means by which the wrongful act of theft can be completed. The explicit or implicit threat of violent force is inherent in the intimidation element, and that is what is required by § 924(c)(3)." Williams, 864 F.3d at 830.

In reply, Petitioner acknowledged the Armour decision and conceded that it forecloses his claim in this Court. While Petitioner says he wishes to preserve this issue for further review, this Court is bound by the decisions of the Seventh Circuit and must deny his claim.

### III.  **<u>CERTIFICATE OF APPEALABILITY</u>**

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). As noted above, Petitioner's claims are foreclosed by circuit precedent. Accordingly, the court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The Court declines to issue a certificate of appealability.

## IV. **CONCLUSION**

For the reasons stated, the Court LIFTS the STAY entered on June 22, 2016, and Petitioner William L. Proctor's Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docs. 1, 3, and 8) are DENIED. The Court declines to issue a certificate of appealability. This case is CLOSED.

ENTER: November 13, 2019

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE